United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUONG QUOC TRAN,<br><br>    Petitioner,<br><br>v.<br><br>JOSIE GASTELO, Warden,<br><br>    Respondent. | Case No. 18-cv-00626 NC (PR)<br><br>**ORDER TO SHOW CAUSE** |

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner has paid the filing fee.  For the reasons that follow, the court orders Respondent to show cause why the petition should not be granted.

## BACKGROUND

    According to the petition, after a jury trial in 2012, Petitioner was convicted of conspiracy to commit murder in Santa Clara County Superior Court.  Petitioner was

---

[1] Petitioner has consented to magistrate judge jurisdiction.  Dkt. No. 2.

sentenced to a term of 25 years to life. The California Court of Appeal affirmed, and the California Supreme Court denied a petition for review. Petitioner filed the instant federal petition on January 29, 2018.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Petitioner's Claims</u>

Petitioner claims that: (1) there was insufficient evidence that Petitioner harbored the specific intent to kill; (2) Petitioner was denied the right to a fair trial because his case was jointly tried with the co-defendant; and (3) Petitioner's sentence constitutes cruel and unusual punishment. The court orders Respondent to show cause why the petition should not be granted as to these claims.

**CONCLUSION**

For the foregoing reasons:

1. The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on

Case No. 18-cv-00626 NC (PR)
ORDER TO SHOW CAUSE

2

Respondent and Respondent's attorney, the Attorney General of the State of California. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30) days** from the filing date of this Order.

2. Respondent is directed to file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3. Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent must file with the court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Case No. 18-cv-00626 NC (PR)
ORDER TO SHOW CAUSE

3

IT IS SO ORDERED.

DATED: March 22, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 18-cv-00626 NC (PR)
ORDER TO SHOW CAUSE

4